United States District Court
Southern District of Texas
FILED

APR 2 6 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Respondent-Plaintiff<br><br>vs.<br><br>SERGIO GONZALEZ-DIAZ,<br>　　aka, Jorge Lopez-Ordonez,<br>　　Petitioner-Defendant<br>　　( CR B-03-377) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CA B-04-022 |

GOVERNMENT'S RESPONSE TO 28 U.S.C. § 2255 PETITION

I.

The Court ordered the Government to respond to Petitioner's, Sergio Gonzalez-Diaz's (hereinafter referred to as Gonzalez') 28 U.S.C. §2255 motion filed on July 12, 2004. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On May 6, 2003, Gonzalez was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal reentry of an alien in violation of 8 U.S.C. §§ 1326(a) & (b) (DOC 1; PSR 1-2). He pled guilty to the indictment without a plea agreement on July 2, 2003 (DOC. 10, 11; PSR 3). The statutory maximum for the indictment was twenty (20) years imprisonment.

The probation department scored the instant offense at base offense level 8, increased his level by sixteen (16) due to his conviction for the aggravated felony of transporting aliens for profit pursuant to §2L1.2(b)(1)(A), yet decreased

it by three levels for acceptance of responsibility, for a total offense level of 21 (PSR 12, 13, 18, 21). His criminal history placed him in criminal history category III (PSR 27). His sentencing range was determined to be 46-57 months imprisonment (PSR 50). Gonzalez objected to the PSR (PSR Add. p. 18). Gonzalez objected to the determination that his alien smuggling offense had been committed for profit. Disagreeing with Gonzalez' objection, and referencing a Border Patrol report from that incident, the PSR noted the transported aliens stated they had agreed to pay Gonzalez $700 each to be transported to to San Antonio, Texas (PSR Add. p. 18).

On October 9, 2003, at sentencing, the district court heard testimony regarding Gonzalez' objection. Thereafter, denied Gonzalez' objection, adopted the PSR as written, and sentenced Gonzalez to fifty-one (51) months imprisonment, to be followed by a three-year term of Supervised Release (DOC 24). The district court advised Gonzalez of his right to appeal (DOC. 24). The judgment was entered October 24, 2003 (DOC. 27).

On February 2, 2004, Gonzalez wrote to the district court requesting authorization to file late notice of appeal (DOC 28). On March 1, 2004, the district court, construing Gonzalez' filing as a request for an out of time appeal, denied the request on the basis it comes more than thirty days past the deadline. See Fed. R. App. Proc. 4(b)(4) (DOC 29).

2

To date, no Notice of Appeal has been filed on Gonzalez' behalf. On July 12, 2004, Gonzalez filed his formal motion pursuant to 28 U.S.C. §2255 (1 R. 1). In it, Gonzalez reiterated his claim that he directed his trial counsel to perfect his direct appeal and that counsel failed to do so. Additionally, Gonzalez complains his conviction is subject to attack, as the government violated the Vienna Convention; that counsel provided ineffective assistance by failing to move for a reduction of sentence on the basis of the Vienna Convention violation.

### III.

Gonzalez' pleadings are timely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Gonzalez' ability to file such motion expired on November 3, 2004 (one year plus the ten[10] days after his judgment was entered, with the expiration of the period for filing notice of appeal).

### IV.

The Government denies each and every allegation of fact made by Gonzalez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Gonzalez alleges his constitutional rights were violated in two regards:

a. Gonzalez complains his conviction is subject to attack for violation of the Vienna Convention.

b. His trial counsel was ineffective in three manners:

1. Failing to pursue direct appeal.

2. Failing to move for a downward reduction for violation of Vienna Convention.

VI.

GONZALEZ' BURDEN

Gonzalez' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Gonzalez must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual

4

resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* The "cause" proffered by Gonzalez was "ineffective assistance" of counsel. Gonzalez argues that he directed his attorney to pursue a direct appeal but that counsel failed to do so. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden.

Gonzalez inferentially alleges that he suffered "prejudice" as a result, in that his counsel's failure to move for downward departure based upon the violation of

the Vienna Convention resulted in a longer sentence than that which he was otherwise exposed; and that his sentence is unconstitutional in violation of the Vienna Convention.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Gonzalez does not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and prejudice" burden.

A.   <u>INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG</u>

    1. <u>Legal Principles Governing Ineffective Assistance</u>.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner

must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Gonzalez must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Gonzalez fails in both regards.

To prevail on his claims, Gonzalez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

### a. Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Gonzalez demonstrates that his counsel provided constitutionally infirm representation, Gonzalez must also demonstrate prejudice. Although Gonzalez need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

8

### Loss of appellate rights

Regarding Gonzalez' "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, as supported by the attached affidavit of counsel (ATTACHMENT "A"), the government believes the record will demonstrate Gonzalez made a deliberate decision to not appeal prior to the expiration of his ten day deadline. If the final record reveals that Gonzalez did not direct his trial counsel to file notice of appeal, Gonzalez' claim fails on this point. If the court concludes Gonzalez did direct his trial counsel to file notice of appeal within the time period provided, Gonzalez' right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

B.  **GONZALEZ' INEFFECTIVE ASSISTANCE CLAIMS**

Gonzalez' "ineffective assistance" claims are premised on several unsupported or incorrect claims.

1.  **Eligibility for a downward adjustment for violation of Vienna Convention**

Gonzalez alleges "ineffective assistance" in his trial counsel failing to move for a reduction on the basis of a Vienna Convention violation. Such adjustment

9

would have been ineffectual as Gonzalez fails to demonstrate eligibility for such a reduction. Gonzalez speculates that the Vienna Convention issue would have entitled him to a 2-level downward departure. *See* Petitioner's § 2255 motion at 6-8. Gonzalezcouches his Vienna Convention issue in terms of ineffective assistance of counsel in a fruitless attempt to escape the procedural bar for failing to raise it in a direct appeal. *See* Petitioner's § 2255 motion at 6. The precise nature of Gonzalez' claims are difficult to ascertain from the cryptic allegations in his motion because he does not allege any facts to support his claim. Gonzalez does not allege that he asked his counsel to contact the Mexican Consulate. He does not allege whether he contacted the Mexican Consulate, and if not, then why not. He does not allege what assistance, if any, the Mexican Consulate could have provided to him. In short, he has not alleged any facts to support a claim of ineffectiveness by his counsel. This issue is without merit and should be rejected.

Although the government does not know whether or not the Mexican Consulate was notified of the arrest of Gonzalez, nor does it know if he was advised of his right to contact his consulate, for purposes of this answer and motion, it is assumed, *arguendo,* that Gonzalez' rights and the rights of the Consulate (if indeed it has derivative rights), see *Paraguay v. Allen*, 134 F.3d 622 (4th Cir. 1998), *aff'd* 523 U.S. 371, 118 S. Ct. 1352 (1998), were somehow violated. It is further assumed, *arguendo*, that counsel was somehow deficient in failing to object at sentencing to some unknown, possible violation of a treaty to which the

United States is a party. Nevertheless, Gonzalez is not entitled to relief on the basis of ineffective assistance of counsel because he cannot show any prejudice to his defense and a showing of prejudice is required. *Breard v. Greene*, 523 U.S. 371, 118 S. Ct. 1352, 1355 (1998); and a number of other District and Circuit Court Opinions, including *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir.), *cert. denied.*, 519 U.S. 995, 117 S.Ct. 487 (1996); *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993), *cert. denied.*, 513 U.S. 1014, 115 S.Ct. 572 (1994); *United States v. Esparza-Ponce*, 7 F. Supp. 1084, 1097 (S.D. Cal. 1998). Gonzalez has not even alleged prejudice. Gonzalez cannot show that the result of his case would have been different if the Mexican Consulate had been contacted. Gonzalez' claim of ineffectiveness of counsel should be rejected.

2. <u>Gonzalez directed counsel to pursue a direct appeal</u>

The government concedes that if Gonzalez' claims were true, it would establish ineffective assistance entitling him to a late direct appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal");

The attached affidavit of counsel belies Gonzalez' claims.

As the premises upon which the above of Gonzalez' instant complaints are based has no legal or factual support, Gonzalez' counsel's performance can not

be shown to be deficient under *Strickland*. As Gonzalez has failed to demonstrate he was eligible for the alleged reduction, or that he directed counsel to pursue an appeal, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Gonzalez does not allege he is innocent. He therefore fails the 'miscarriage of justice' test.

## VII.

## SUBSTANTIVE CLAIMS

### A. VIOLATION OF VIENNA CONVENTION

Gonzalez claims the Government somehow violated his rights by failing to notify his consular representative under the Vienna Convention Treaty on Consular Relations. *See* Petitioner's § 2255 motion at 1-8. He raises this issue for the first time in his § 2255 motion. He never raised this issue in either the district court or on direct appeal to the Fifth Circuit.

#### A. Gonzalez has procedurally defaulted.

Gonzalez has procedurally defaulted on his Vienna convention claim by failing to raise it on direct appeal. *Medellin v. Dretke*, 371 F.3d 270, 279-80 (5th Cir. 2004) (claim of Vienna Convention violation was procedurally defaulted); *see also United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Gonzalez must therefore show both cause and prejudice for the failure to raise the issue and actual prejudice resulting from the error. *Id.*; *United States v. Shaid*, 937 F.2d 228,

12

231 (5th Cir. 1991). A collateral challenge will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974).

Here, Gonzalez does not offer any excuse for his failure to raise this issue at the sentencing hearing. His only excuse relating to his failure to raise it on direct appeal is his counsel's failure to pursue direct appeal. As this allegation is belied by the record, Gonzalez has failed to satisfy the cause and prejudice requirement, and this court should dismiss the Vienna Convention issue. Further, Gonzalez' argument should also be rejected because it has no substantive merit.

B. Vienna Convention does not confer substantive rights.

The Vienna Convention is a 79-article multilateral treaty negotiated in 1963 and ratified by the United States in 1969. *United States v. Jimenez-Nava*, 243 F.3d 192, 195 (5th Cir. 2001) (citation omitted). The treaty governs the establishment of consular relations and defines a consular's functions in a receiving nation. *Id.* Gonzalez asserts that Article 36 of the treaty bestows a private, judicially-enforceable right on foreign nationals to consult with consular officials.

The Fifth Circuit has rejected this claimed point of error. *Jimenez-Nava*, 243 F.3d at 196-97. The consular notification provisions of the Vienna Convention do not bestow on foreign nationals any private, judicially-enforceable right to consult with consular officials following their arrest. *Id.* The Vienna Convention does not establish rights of individuals, but only establishes state-to-state rights and

obligations. *Id.* The Vienna Convention does not confer any substantive rights on Gonzalez. Gonzalez' Vienna Convention issue fails on the merits. *Id.*

Even if the Vienna Convention did confer substantive rights on Gonzalez, he may not raise those rights in a collateral habeas attack. *Flores v. Johnson*, 210 F.3d 456, 458 (5th Cir. 2000). Gonzalez' claim is not cognizable in a § 2255 motion. *Id.*

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Gonzalez' §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,
MICHAEL T. SHELBY
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Response to Petitioner's 28 U.S.C. §2255 motion was mailed via Certified Mail, Return-Receipt Requested to Sergio Gonzalez-Diaz, No. 23362-179, RCDC 1, P.O. Box 1560, Pecos, Tx. 79772-1560 on this the 26th day of April, 2005.

MARK M. DOWD
Assistant U.S. Attorney