

UNITED STATES DISTRICT COURT

**United States District Court
Southern District of Texas
FILED**

SOUTHERN DISTRICT OF TEXAS

**APR 2 1 2005**

BROWNSVILLE DIVISION

**Michael N. Milby
Clerk of Court**

UNITED STATES OF AMERICA,    .    CASE NO. B-03-CR-377

          PLAINTIFF,    .

       V.    .    BROWNSVILLE, TEXAS
         .    WEDNESDAY, JULY 2, 2003
JORGE LOPEZ-ORDONEZ,    .    2:31 P.M. TO 2:55 P.M.

         DEFENDANT.    .

. . . . . . . . . . . . . . . .

REARRAIGNMENT

BEFORE THE HONORABLE FELIX RECIO
UNITED STATES MAGISTRATE JUDGE

Trinity Transcription Services
122 Trinity Oaks Circle
The Woodlands, TX 77381
281-296-2290

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | CASE NO. B-04-CR-613 |
| | . | |
| PLAINTIFF, | . | |
| | . | |
| V. | . | BROWNSVILLE, TEXAS |
| | . | WEDNESDAY, JULY 2, 2003 |
| JORGE LOPEZ-ORDONEZ, | . | 2:31 P.M. TO 2:55 P.M. |
| | . | |
| DEFENDANT. | . | |

. . . . . . . . . . . . . . .

REARRAIGNMENT

BEFORE THE HONORABLE FELIX RECIO
UNITED STATES MAGISTRATE JUDGE

Appearances:

For the Government:            Terra Bay, Esq.
                              Assistant United States Attorney
                              600 East Harrison
                              Brownsville, TX 78520

For the Defendant:            Richard Rodriguez, Esq.
                              Assistant Federal Public Defender
                              600 East Harrison Street
                              Brownsville, TX 78520

Official Interpreter:         David Hoover

Court Recorder:               Gabriel Mendieta

Transcriber:                  Cheryl Hendershot
                              Trinity Transcription Services
                              122 Trinity Oaks Circle
                              The Woodlands, TX 77381
                              281-296-2290

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

1

1        **Brownsville, Texas; Wednesday, July 2, 2003; 2:31 pa.m.**

2            **THE COURT:**  All right.  Let's call for a

3    rearraignment.  *Cause Number B-03-377, United States of America*

4    *versus Jorge Lopez-Ordonez.*

5                **MS. BAY:**  Terra Bay for the Government.

6                **MR. RODRIGUEZ:**  Richard Rodriguez for Mr. Ordonez.

7                **THE COURT:**  Mr. Rodriguez, good afternoon.

8                **MR. RODRIGUEZ:**  Good afternoon, your Honor.

9                **THE COURT:**  Let's see, order of referral, order in

10   contempt.  Is there a plea agreement in this case?

11               **MS. BAY:**  There is not, your Honor.

12               **MR. RODRIGUEZ:**  I'll be a cold plea, your Honor.

13               **THE COURT:**  Cold plea.  All right.

14           Please swear in Mr. Lopez.

15               **THE CLERK:**  Please raise your right hand, sir.

16       **(Defendant sworn)**

17               **THE CLERK:**  You may put your hand down.

18               **THE COURT:**  All right.  You are Jorge Lopez-Ordonez?

19           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

20               **THE COURT:**  Do you understand English?

21           **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

22               **THE COURT:**  Okay.  Mr. Lopez, because you just took

23   the oath to tell the truth, you have subjected yourself to the

24   laws of perjury.

25               Now what that means is that if you answer the Court's

1    questions falsely, if you lie to the Court here this afternoon,

2    you could be charged with perjury.  And if you are found guilty

3    of that offense, you could face a term of imprisonment of up to

4    five years.  You would also be subject to a fine of up to

5    $250,000, or both.  That is, you could go to jail for up to

6    five years, and at the same time, be fined up to $250,000.  And

7    you would also be subject to at least a three year term of

8    supervised release.

9         And I'll tell you that a term of supervised release

10   is a period of time after serving your sentence for that

11   perjury when you would be released under some special

12   conditions.  And if you violated those conditions during that

13   three year period of time, you could face additional time in

14   jail.  And you would also be subject to a $100 fine.  And that

15   a -- or rather, it's a Special Assessment that's imposed on

16   everybody, whether you can pay that or not.

17        Now, Mr. Lopez, do you understand the law of perjury

18   and the possible consequences for violating that law as I've

19   explained it to you?

20        **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

21        **THE COURT:**  All right.  Mr. Lopez, tell me, sir, how

22   old are you?

23        **DEFENDANT LOPEZ-ORDONEZ:**  Thirty-four years.

24        **THE COURT:**   Thirty-four?

25        **DEFENDANT LOPEZ-ORDONEZ:**  That is correct.

1      **THE COURT:**  And do you read and write?

2      **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

3      **THE COURT:**  How far did you go in school?

4      **DEFENDANT LOPEZ-ORDONEZ:**  I went to three years in

5  medical school.

6      **THE COURT:**  Three years where?

7      **DEFENDANT LOPEZ-ORDONEZ:**  In medical school.

8      **THE COURT:**  In Mexico?

9      **DEFENDANT LOPEZ-ORDONEZ:**  Medical school.

10      **THE COURT:**  Medical school.  Okay.

11      Where did you go to medical school?

12      **DEFENDANT LOPEZ-ORDONEZ:**  In Matamoros -- University

13  of Matamoras.

14      **THE COURT:**  You were in Mexico.

15      **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

16      **THE COURT:**  And you didn't complete you medical

17  study?

18      **DEFENDANT LOPEZ-ORDONEZ:**  No, I didn't.

19      **THE COURT:**  All right.

20      **DEFENDANT LOPEZ-ORDONEZ:**  I was three years from

21  that.  Almost finished.

22      **THE COURT:**  You were almost finished, right?

23      **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

24      **THE COURT:**  Well maybe you can go back some time.

25  Who knows.

4

1          Have you ever been in a mental institution or treated

2   for a mental illness of any kind?

3          **DEFENDANT LOPEZ-ORDONEZ:**  No, sir.

4          **THE COURT:**  Are you taking any kind of drugs or

5   medication which could affect your ability to understand what

6   we're doing here?

7          **DEFENDANT LOPEZ-ORDONEZ:**  No.

8          **THE COURT:**  All right.  Mr. Rodriguez, are you

9   satisfied that Mr. Lopez is competent and able to assist you in

10  his defense?

11         **MR. RODRIGUEZ:**  I am, your Honor.

12         **THE COURT:**  All right.  Mr. Lopez, I want you to know

13  that you have the right to plead guilty before the District

14  Judge.  I'm a Magistrate Judge.  A District Judge is a Judge of

15  higher authority than myself.

16         Now I have here this document that you've signed

17  requesting that I take your plea here this afternoon.  And I

18  want you to know that if I take your plea, that I am not the

19  Judge who is going to find you guilty or sentence you.  But I

20  will prepare a report and recommendation and send it to the

21  District Judge.  And based on that report and recommendation,

22  the District Judge could find you guilty and sentence you.

23         Knowing that, do you still want me to take your plea

24  here this afternoon?

25         **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

5

1        **THE COURT:**  Okay.  Is there any objection from you,

2   Mr. Rodriguez?

3        **MR. RODRIGUEZ:**  No, sir.

4        **THE COURT:**  Any objection from the Government?

5        **MS. BAY:**  No, your Honor.

6        **THE COURT:**  All right.  Now have you seen a copy of

7   the charges in the indictment in your case?  Have you received

8   them or seen them?

9        **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

10       **THE COURT:**  And have you discussed those charges with

11  your attorney completely?

12       **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

13       **THE COURT:**  And has your attorney answered your

14  questions and given you advice about this case?

15       **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

16       **THE COURT:**  Are you fully satisfied with the counsel,

17  and representation, and advice given to you in this case by

18  your attorney, Mr. Rodriguez?

19       **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

20       **THE COURT:**  I know you may not be too happy with the

21  outcome or what he's told you.  But, you know, he's telling you

22  what the law is and what the circumstances are.

23       But you're satisfied with his services.

24       **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

25       **THE COURT:**  Okay.  Now your attorney has told me and

1   the Government has confirmed, that there is no agreement

2   between yourself and the Government in exchange for your guilty

3   plea; that no one's promised you any deduction in Guideline

4   scores or anything to get you to plea.  You're making just a

5   cold plea without any agreements of any kind.

6           Is that the way you understand the circumstances?

7           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

8           **THE COURT:**  Now is there anything that you -- you're

9   under the belief that you have some kind of a deal with the

10  Government or anything like that?

11          **DEFENDANT LOPEZ-ORDONEZ:**  No, sir.

12          **THE COURT:**  Okay.  Tell me in your own words,

13  Mr. Lopez, what it is you're charged with in your case, what

14  you understand you're being charged with.

15          **DEFENDANT LOPEZ-ORDONEZ:**  I was charged with -- I

16  come back again to the United States illegally.  And I'm

17  charged for reentry after being deported.  And I'm guilty of

18  coming back.

19          **THE COURT:**  Well, is it your understanding that that

20  sentence --

21          **MR. RODRIGUEZ:**  And that's again.  You've got it.

22          **THE COURT:**  Oh, okay.  All right.

23          Now you understand that they're also saying that you

24  were convicted of an aggravated felony in the United States,

25  and that some time after you were convicted, you were deported

1  from the United States, and that then you reentered.  And they

2  say that when you came, you did it illegally and without the

3  consent of the Attorney General or the Secretary of the

4  Homeland Security to make reapplication for admission into this

5  country.

6           Do you understand that that's what they say about in

7  this case?

8           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

9           **THE COURT:**  This is a violation of Title 8 United

10  State Code §1326(a) and 1326(b).

11           And is that the way you understand these charges?

12           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

13           **THE COURT:**  Are these the same charges that you

14  discussed with Mr. Rodriguez and that he advised you on?

15           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.  Only one

16  thing, we're not real sure about the, as far as the felony.

17           **THE COURT:**  You may be right.  It may not be an

18  aggravated felony.

19           **DEFENDANT LOPEZ-ORDONEZ:**  I'm not sure if it is, your

20  Honor.

21           **THE COURT:**  Okay.  Well then you understand that

22  there are some things that you would argue before the District

23  Judge sentences you.  Okay?

24           **DEFENDANT LOPEZ-ORDONEZ:**  All right.

25           **THE COURT:**  All right.  Do you understand that this

8

1   is a felony offense, this 1326 violation here that you're

2   pleading guilty to is a felony offense.  And that if the Court

3   accepts your plea, and you are adjudged guilty of this offense,

4   that you could face a jail term of up to 20 years, that you

5   would be subject to a fine of up to $250,000, or both.  You

6   could go to jail for up to 20 years, and at the same time, you

7   could be fined up to $250,000.

8         And again, you would be subject to at least a three

9   year term of supervised release.  And as I explained earlier, a

10  term of supervised release is a period of time after serving

11  your sentence for this illegally reentry, when you would be

12  released under some special conditions.  And if you violated

13  those conditions during that three year period of time, you

14  could face additional time in jail.

15        And you would also be subject to a $100 Special

16  Assessment.

17        Do you understand the range of punishment for this

18  offense?

19        **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

20        **THE COURT:**  All right.  Mr. Rodriguez, are you

21  satisfied that Mr. Lopez understands the nature of the charges

22  and the possible consequences of his plea, that is, the

23  sentence, or the sentence range in this case?

24        **MR. RODRIGUEZ:**  I do, your Honor.

25        **THE COURT:**  All right.  Mr. Lopez, has -- have you

1    and your attorney talked about the Sentencing Guidelines?

2          **DEFENDANT LOPEZ-ORDONEZ:**  No, your Honor.

3          **THE COURT:**  I'll show you -- I'll hold in my hand the

4    Sentencing Guidelines.  I'm sure Mr. Rodriguez has shown these

5    to you.

6          This is the system that we use in Federal Court to

7    sentence individuals who've been found guilty.

8          And what I want you to understand is that the Court

9    will not be able to determine what your Guideline sentence is

10   until after the preparation of a Presentence Report that is to

11   be completed by the Probation Department.

12         And then only after you and the Government have had

13   an opportunity to challenge the reported facts and the

14   application of the Guidelines recommended by the Probation

15   Officer.

16         Do you understand that, sir?

17         **DEFENDANT LOPEZ-ORDONEZ:**  I do understand.

18         **THE COURT:**  That's when you can argue that your

19   felony is not an aggravated felony.  You would have the right

20   to do that at that point?

21         Do you understand?

22         **DEFENDANT LOPEZ-ORDONEZ:**  I do, sir.

23         **THE COURT:**  All right.  Now also I want you to

24   understand that any sentence that may be imposed in this case,

25   may be different from any estimate that Mr. Rodriguez gave.

1  The Court is not bound by any estimates that your attorney has

2  given you.

3         The Court will make its own independent decision

4  about what your sentence is going to be based on the

5  Guidelines.

6         Do you understand that?

7         **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

8         **THE COURT:**  All right.  Now I also want you to

9  understand that once the Court does determine your Guideline

10  sentence, the Court has the authority, under some

11  circumstances, to depart from the Guidelines.  And the Court

12  could impose a sentence that could be more severe, or perhaps

13  even less severe, than what is called for by these Guidelines.

14         Do you understand that the Court has that authority?

15         **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

16         **THE COURT:**  All right.  Also, I want you to

17  understand that parole has been abolished in the Federal

18  system.  If you're sentenced to prison, you will not be

19  released on parole.

20         Do you understand that?  Now in the State system you

21  get sentenced for seven years, you could come out in three

22  years on parole.  It doesn't work that way in the Federal

23  system.  If you get five years, you're going to do five years.

24  There's no parole.

25         Do you understand that?

1    **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

2    **THE COURT:**  All right.  Now by pleading guilty in

3  this case, you're also giving up your rights to appeal this

4  case.  You're giving up your rights to appeal the guilt or

5  innocence of this case.

6        You don't be able to complain about how you were

7  arrested and how the evidence was gathered, how it was

8  preserved, and presented against you, or anything like that.

9        You will be able to appeal any illegal sentence, or

10  of any claims that you might have for ineffective assistance of

11  counsel or prosecutorial misconduct, if you have any of those

12  claims.

13        But by in large, you're giving up your right to

14  appeal this case.  Do you understand that?

15    **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

16    **THE COURT:**  Okay.  Now under the laws and

17  Constitution of the United States, you have certain rights.

18  Now let me explain those rights to you now.

19        First, you have the right to a trial, and a trail by

20  a jury on the charges contained in this indictment, in this

21  accusation.  Now let me explain to you what that means.

22        A trial is a hearing at which the Government would

23  present all its evidence against you.  Now with the help of

24  your attorney and the Government, we will go out here, we will

25  select 12 people from the community.  And we'll put them over

1   here in this jury box.

2          And they will listen to all of the evidence presented

3   against you by the Government.  They will also listen to all of

4   the evidence presented on your behalf by your attorney.  And

5   then they will decide whether you are guilty or innocent.

6          Now the thing about it, Mr. Lopez, is that all 12

7   jurors have to agree that you are guilty.  If only one of them

8   says you're not guilty, that's the end of the process.

9          Now do you understand what I mean what I tell you

10  that you have a right to a trial, and a trial by a jury, on the

11  charges contained in this indictment?

12          **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

13          **THE COURT:**  Okay.  I want you to also let me tell you

14  some more things about this trial.

15          In this trial, you have the right to be represented

16  by an attorney.  If you couldn't afford to have an attorney,

17  the Court would appoint one for you at not cost to you.  And

18  the attorney would represent you throughout the entire process.

19          This is a right that you've already exercised,

20  because you have your -- you're here with your attorney.  And

21  you've already told me he's discussed this case with you, and

22  advised you, and so forth.

23          Now in this trial, you have the right to be presumed

24  innocent.  And the Government would be required to prove you

25  guilty beyond a reasonable doubt before you can be found

13

1    guilty.  And you do not have to prove that you are innocent.

2              All right.  Do you understand those rights, so far?

3              **DEFENDANT LOPEZ-ORDONEZ:**  I do, your Honor.

4              **THE COURT:**  All right.  Now also in the course of

5    this trial, you have the right to require the witnesses for the

6    Government to come to Court to testify in your presence, in --

7    to your face.

8              And your attorney would be given the opportunity to

9    cross examine those witnesses, to ask them questions.  He would

10   have the opportunity to object to the evidence that is

11   presented against you.  And he could present evidence in your

12   favor, in your -- own your behalf.

13             Do you understand those rights?

14             **DEFENDANT LOPEZ-ORDONEZ:**  I do.

15             **THE COURT:**  Do you understand your right to be

16   represented by an attorney; is that correct?

17             **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

18             **THE COURT:**  Okay.  Now in this trial, you also have

19   the right to testify in your own defense.  But you also have

20   the right to not to testify.

21             And if you decide not to testify, it cannot be used

22   against you or held against you in any way.

23             Do you understand that?

24             **DEFENDANT LOPEZ-ORDONEZ:**  I do.

25             **THE COURT:**  All right.  Now I want you to understand

1   that if you plead guilty, that you will waive, you will give

2   up, all of these rights that we have just discussed.

3           There will be no trial.  The Court will simply enter

4   a judgment of guilty against you based on your guilty plea,

5   after considering the Presentence Report.

6           Do you understand that you'll be giving up these

7   rights if you plead guilty?

8           **DEFENDANT LOPEZ-ORDONEZ:**  Yes, your Honor.

9           **THE COURT:**  Also, you have other rights under the

10  Constitution.  One of those rights is you have the right to

11  remain silent.  You don't have to say anything about this case

12  whatsoever.

13          But if you plead guilty, you have to give up that

14  right, because I'm going to ask you questions about what you

15  did in order to satisfy myself that you are guilty.  And you

16  will have to acknowledge your guilt.

17          Do you understand that you have the right to remain

18  silent, but that if you plead guilty, you have to give that

19  right up?

20          **DEFENDANT LOPEZ-ORDONEZ:**  I do.

21          **THE COURT:**  All right.  You also have the right to

22  the issuance of subpoenas, or what we call "compulsory

23  process."

24          Mr. Lopez, there could be somebody somewhere out

25  there in the community that knows something about your case

1    that could help you.  Sometimes people don't want to come to

2    Court.  They're afraid of the Judges, and lawyers, and police,

3    or maybe they're working.  And they're afraid that if they come

4    here they could lose their job.

5         But if you have that kind of a witness, or any kind

6    of a witness that could help you, you have a right to ask this

7    Court for an order, a subpoena, to make that person come here

8    to help you and to testify in your defense.

9         You understand those rights?

10   **DEFENDANT LOPEZ-ORDONEZ:**  I do.

11   **THE COURT:**  All right.  Now do you understand that if

12   you plead guilty, that you will waive and give up all of these

13   rights that we have just discussed?

14   **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

15   **THE COURT:**  Okay.  And Mr. Lopez, look.  I've told

16   you what you've been charged with.  I've told you about the

17   possible sentences.

18        We've talked about the Sentencing Guidelines.  We've

19   talked about your rights to appeal, and that if you plead

20   guilty, you give up those rights.

21        We've talked about the -- your rights under the laws

22   and Constitution of the United States.  We've talked about all

23   of these things.

24        Knowing all of that, understanding all of that, do

25   you still wish to plead guilty?

1          **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

2          **THE COURT:**  Do you have any questions of me or of

3  your attorney?

4          **DEFENDANT LOPEZ-ORDONEZ:**  No, I don't, your Honor.

5          **THE COURT:**  All right.  Please arraign Jorge Lopez-

6  Ordonez.

7          **MS. BAY:**  "United States District Court, Southern

8          District of Texas, Brownsville Division, *United*

9          *States of America versus Jorge Lopez-Ordonez,*

10         *Criminal Number B-03-377.*

11         Indictment:  The Grand Jury charges, on or about

12         April 11th, 2003, in the Southern District of Texas,

13         and within the jurisdiction of the Court, Defendant,

14         Jorge Lopez-Ordonez, an alien who had previously been

15         denied admission, excluded, deported, and removed,

16         after having been convicted of an aggravated felony,

17         knowingly and unlawfully was present in the United

18         States, having been found in Cameron County, Texas.

19         The said Defendant not having obtained consent for

20         reapplication for admission into the United States

21         from the Attorney General of the United States and

22         Secretary of Homeland Security, the successor,

23         pursuant to Title 6, United States Code §§202.3,

24         202.4, and 557, in violation of Title 8, United

25         States Code, §1326(a) and 1326(b).

1      A true bill, signed the Foreman of the Grand Jury."

2      To this indictment, Mr. Lopez-Ordonez, do you

3 understand what was just read to you?

4      **DEFENDANT LOPEZ-ORDONEZ:**  Yes.

5      **MS. BAY:**  And to this indictment, how do you plead,

6 guilty or not guilty?

7      **DEFENDANT LOPEZ-ORDONEZ:**  Guilty.

8      **THE COURT:**  Mr. Lopez, are you pleading guilty

9 because you are guilty?

10      **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

11      **THE COURT:**  Did anybody force you, or threaten you,

12 or promise you anything to get you give up your rights and to

13 plead guilty here this afternoon?

14      **DEFENDANT LOPEZ-ORDONEZ:**  No, sir.

15      **THE COURT:**  All right.  Listen very carefully.  I'm

16 going to ask the U.S. Attorney -- or Assistant U.S. Attorney to

17 give me the facts in your case, and then you and I will discuss

18 them.  What are the facts in this case, please?

19      **MS. BAY:**  Your Honor, if witnesses were called to

20 testify, they would testify that on April 11th of 2003,

21 Immigration and Customs Enforcement agents were conducting

22 surveillance at a house in Harlingen, Cameron County, Texas.

23 Those agents observed a vehicle leaving the area.  This vehicle

24 was previous known to be driven by "Greta," (phonetic) a known

25 alien smuggler.

1          The vehicle was followed into an alley and to a

2   house.  Agents thought this may be like a drug house, or the

3   stash site for illegal aliens.  When the driver of the vehicle

4   left, agents then conducted a traffic stop.  The driver of that

5   vehicle Jorge Lopez-Ordonez, and he -- although he initially

6   gave his name as Sergio Gonzalez Diaz.

7          The passenger was found to be an illegal alien.  And

8   through investigation and questioning him, it was determined

9   that Mr. Ordonez -- or Lopez-Ordonez was also an illegal alien

10  and a citizen of Mexico who had entered the United States

11  illegally.

12          Furthermore, he had been previously deported,

13  excluded, or removed from the United States on December 17th,

14  1996.  And also that he'd been convicted of an aggravated

15  felony of transporting illegal aliens on December 13th of 1996.

16          Further he did not have the consent of the Attorney

17  General or the Secretary of Homeland Security, pursuant to

18  Title 6 United States Code, for reapplication for admission

19  into the United States when he was found.

20          **THE COURT:**  Okay.  Now Mr. Lopez, did you hear

21  everything the U.S. Attorney told me?

22          **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

23          **THE COURT:**  All right.  Isn't it true, sir, that on

24  April the 11th of 2003, you were stopped in leaving a house,

25  and you were driving an automobile; is that true?

1      **DEFENDANT LOPEZ-ORDONEZ:**  I was driving an

2  automobile, but I didn't leave the house.

3      **THE COURT:**  Okay.  But you were driving the

4  automobile and you were stopped; is that correct?

5      **DEFENDANT LOPEZ-ORDONEZ:**  Yeah.  I was.

6      **THE COURT:**  And that happened here in Cameron County,

7  Texas.

8      **DEFENDANT LOPEZ-ORDONEZ:**  Harlingen.

9      **THE COURT:**  Harlingen.  Okay.

10      Now I understand that you were deported from the

11  United States in December the 17th of 1996; is that true?

12      **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

13      **THE COURT:**  If you were deported in '96, and you were

14  arrested in Texas in 2003, how did you enter this country?

15      **DEFENDANT LOPEZ-ORDONEZ:**  I entered illegally.

16      **THE COURT:**  You entered illegally and without

17  inspection?

18      **DEFENDANT LOPEZ-ORDONEZ:**  Yes, sir.

19      **THE COURT:**  All right.  And is it further true that

20  you were convicted for transporting aliens in December of 1996?

21      **DEFENDANT LOPEZ-ORDONEZ:**  I plead guilty to agreement

22  with my lawyer to -- to say that I come here -- deportation.

23      **THE COURT:**  Okay.

24      **DEFENDANT LOPEZ-ORDONEZ:**  And they give me time

25  served.  I did three months.

1          **THE COURT:** And then you were --

2          **DEFENDANT LOPEZ-ORDONEZ:** And further they gave me

3    three months, and the put me guilty and went to Mexico after

4    that, sir.

5          **THE COURT:** Okay. Who was your attorney?

6          **DEFENDANT LOPEZ-ORDONEZ:** Jorge Lopez.

7          **THE COURT:** Okay. Okay.

8          But it's true that you were convicted of transporting

9    in 1996.

10         **DEFENDANT LOPEZ-ORDONEZ:** Yes, sir.

11         **THE COURT:** And then after that you were deported

12   from the United States; is that correct?

13       **(No audible response)**

14         **THE COURT:** Okay. Now did you have the consent of

15   the Attorney General of the United States or what to they call

16   this guy, the Secretary of the Homeland Security, to make

17   application, or reapplication, for admission into this country?

18   Did you have permission to do that?

19         **DEFENDANT LOPEZ-ORDONEZ:** I did not, sir.

20         **THE COURT:** Okay. Mr. Rodriguez, are those the facts

21   in this case?

22         **MR. RODRIGUEZ:** They are, your Honor.

23         **THE COURT:** All right. The Court finds that

24   Mr. Lopez is fully competent and capable of entering an

25   informed plea. The Court further finds that Mr. Lopez

1   understands the nature of the charges, and the consequences of

2   his plea, and that his plea of guilty is a knowing and

3   voluntary plea supported by an independent basis in fact

4   containing each of the essential elements of the offense.

5         Mr. Lopez, I will prepare a report and recommendation

6   and send it to the District Judge and recommend that you be

7   found guilty and sentenced in accordance with the Sentencing

8   Guidelines.

9         Mr. Rodriguez, I'm sorry, what is your last name,

10  again?  I have to get used to your last name.

11        **MS. BAY:**  Bay.

12        **THE COURT:**  Bay.

13        **MS. BAY:**  Right.

14        **THE COURT:**  Well it's simple enough.

15        Mr. Rodriguez, Ms. Bay, have I complied with the

16  requirements of Rule 11, and are there any questions either one

17  of you would like me to ask?

18        **MR. BAY:**  Your Honor, the Government believes that

19  the Court has complied with Rule 11 and has no further

20  questions.

21        **MR. RODRIGUEZ:**  We also believe you've complied, we

22  have no further questions.

23        **THE COURT:**  I'm going to order the preparation of a

24  Presentence Report to be completed by the 14th day of August of

25  2003.  A copy of that report will be made immediately available

1   to Defense counsel and counsel for the Government.

2            Objections to the report are due on the 28th day of

3   August of 2003.  And a final report will be submitted to the

4   Court on the 11th day of September of 2003.

5            And this case is set for sentencing on the 29th day

6   of September, of 2003 at nine o'clock in the morning before

7   Judge Tagle.

8            Mr. Rodriguez, I will remind you that your presence

9   during the Pretrial Services -- the initial interview with your

10  client, you need to be present for that.

11           **MR. RODRIGUEZ:**  I will be, your Honor.

12           **THE COURT:**  I hand this order to all parties of

13  concern.

14           Good luck, Mr. Lopez.

15           **DEFENDANT LOPEZ-ORDONEZ:**  Thank you.

16           **MS. BAY:**  That's all I have, may I be excused?

17           **THE COURT:**  Yes.  Court is in recess.

18           **THE CLERK:**  All rise.

19       **(This portion of the proceeding was adjourned at 2:55**

20  **p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____        _____
              Transcriber                         Date

B-03-CR-377

07/02/03 - 04/20/05